Filed 10/1/14  Dorame v. R2W CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| HEIDI DORAME, | |
| Plaintiff and Respondent, | G050090 |
| v. | (Super. Ct. No. INC088205) |
| R2W, INC., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Riverside County, John G. Evans, Judge.  Affirmed.

Oddenino & Gaule and John Victor Gaule for Defendant and Appellant.

Law Offices of D. Michael Caruthers, D. Michael Caruthers and Sigrid R. Hilkey for Plaintiff and Respondent.

\*          \*          \*

Plaintiff and respondent Heidi Dorame brought an in limine motion to preclude appellant and defendant R2W, Inc. (R2W) from referring to her receipt of unemployment payments under the collateral source rule. (See Civ. Code, § 3333.1.) The trial court granted the motion. On direct examination of Dorame, her attorney asked her how she "surviv[ed] economically" since her discharge from R2W. She answered: "Well, with the money I had put aside because I was making pretty good money when I was working for R2W, I was able to use that as my savings. So I got into that and then my mom and dad also helped me." Dorame did not mention her receipt of unemployment payments. R2W did not object at the time the question was asked or immediately after the answer was given. Without citation to the record, R2W alleges that four days after Dorame testified, it moved to recall Dorame in order to cross-examine her and impeach her regarding the receipt of unemployment benefits, and the court denied the request. R2W contends the trial court's failure to permit it to cross-examine Dorame on that issue was prejudicial and requires a new trial. We affirm because R2W has failed to cite *any* evidence or authority supporting its prejudicial error argument.

I

FACTS

R2W alleges Dorame sued it for sexual harassment, sexual discrimination, wrongful termination, and intentional infliction of emotional distress, but does include a citation to the record. The complaint against Dorame's former employer, R2W, is not in the appellate record.

The *only* facts in the record cited by R2W are that Dorame made an in limine motion to preclude R2W from referencing Dorame's receipt of unemployment benefits, the court granted the motion, one question put to Dorame on direct examination by her counsel and her answer, the jury awarded Dorame judgment in her favor, and the court denied R2W's motion for a new trial based on its inability to cross-examine Dorame about receipt of unemployment benefits. The question and answer are as

2

follows: "Q. . . . This is about two—two and quarter years after your termination. Okay. So how had you been—how had you been surviving economically up to that period of time? [¶] A. Well, with the money I had put aside because I was making pretty good money when I was working for R2W, I was able to use that as my savings. So I got into that and then my mom and dad also helped me."

## II

## DISCUSSION

R2W argues the trial court committed prejudicial error in denying its request to recall Dorame to impeach her with evidence she received unemployment benefits after being terminated from R2W. R2W's opening brief does not, however, set forth the applicable standard of review or discuss any of the evidence admitted at trial which would support a prejudicial error analysis.

An appellate court may not reverse a judgment on appeal "unless 'after an examination of the entire cause, including the evidence,' it appears the error caused a 'miscarriage of justice.' (Cal. Const., art. VI, § 13.) When the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached. (*People v. Watson* (1956) 46 Cal.2d 818, 835.)" (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574.) The miscarriage of justice standard required in *People v. Watson* (1956) 46 Cal.2d 818, applies in civil as well as criminal cases. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801.)

In California, prejudice is not generally presumed from an error. "[A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson*, *supra*, 46 Cal.2d at p. 836.) But it is an appellant's obligation to "'present a factual analysis and legal authority on each point

3

made or the argument may be deemed waived. [Citations.]' [Citation.]" (*Gunn v. Mariners Church, Inc.* (2008) 167 Cal.App.4th 206, 217-218; Cal. Rules of Court, rule 8.204(a)(1)(B).) Additionally, it is an appellant's obligation to "[p]rovide a summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(C).) Because R2W did neither, we find R2W forfeited its argument that the alleged error was prejudicial. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) Accordingly, we affirm the judgment.

## III

## DISPOSITION

The judgment is affirmed. Dorame is entitled to recover her costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

4